CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 8 2019

JULIA C. DUDLEY, CLERK
BY: /s/ Signed
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 4:18cr36 |
| v. | ) |
| | ) |
| STEVIE JERMAINE JOHNSON, JR., | ) |
| | ) By: Michael F. Urbanski |
| Defendant. | ) Chief United States District Judge |
| | ) |

## ORDER

On December 7, 2018, defendant Stevie Jermaine Johnson, Jr. appeared with counsel before the court. The court personally addressed defendant and admonished him pursuant to Rule 11(b)(1)(A)–(O) of the Federal Rules of Criminal Procedure. The court explained to defendant that the sentencing range under the Sentencing Guidelines, which are advisory, not mandatory, would not be determined until a presentence report is written and a sentencing hearing held, that the court had the authority to impose a sentence more or less severe than called for in the guidelines, and that the sentence defendant receives may be different than any estimate given by his attorney. The court advised defendant that if the court does not accept a recommendation set forth in the plea agreement, defendant will still be bound by his plea and will have no right to withdraw it. The court also admonished defendant that, because the Information alleges that defendant was involved in a murder, special sentencing factors apply that increase the range of punishment up to a maximum of life imprisonment. Defendant stated that he understood the court's admonishments, had gone over the Information with counsel, and understood that the maximum possible penalty had been enhanced. The attorney for the government stated the essential terms of the plea

agreement, which has been filed with the court, and defendant and his counsel agreed that those in fact were the terms of the agreement. Defendant further stated that he had read the plea agreement, reviewed it with his counsel, and understood it. Accordingly, the court finds that defendant understands the charge to which he pleaded guilty and that his plea was knowingly made. Fed. R. Crim. P. 11(b)(1).

The court also addressed defendant personally as to his competency to plead and the voluntariness of his plea, specifically whether it resulted from force, threats, or promises. Fed. R. Crim. P. 11(b)(2). Based on this discussion, the court found defendant to be sufficiently competent to enter a plea, that he desired to plead guilty, and that his plea was voluntary.

The court addressed defendant personally regarding his waiver of his right to an indictment. The court admonished defendant that he had the right to require the government present an indictment to a grand jury. Defendant acknowledged that he understood these rights, had discussed them with his attorney, and had executed a waiver to his right to an indictment.

The government presented a statement of facts, which has been filed with the court, regarding the offense to which defendant pleaded guilty. Defendant testified that the statement of facts was read to him and that he discussed it with his attorney. Defendant agreed that the statement of facts was accurate and did not contest it, and his counsel also did not challenge the statement of facts. The facts contained in the written statement of facts are as follows:

At all relevant times, defendant was a member of the criminal organization Rollin 60s Crips, a street gang. Since at least sometime in or about 2015, the Rollin 60s have been active in the Western District of Virginia and have engaged in criminal activity, including but not limited to murder and attempted murder, assault resulting in bodily injury, assault with a dangerous weapon, robbery, obstruction of justice, drug distribution and trafficking, and conspiracy to commit those crimes. The Rollin 60s constitutes an "enterprise" as defined by 18 U.S.C. § 1961(4), that is, a group of individuals associated-in-fact. This enterprise has engaged in, and its activities have affected, interstate and foreign commerce. Defendant was involved in murders and attempted murders committed by the enterprise, as well as drug trafficking committed by the enterprise. From some date in 2015, in the Western District of Virginia and elsewhere, defendant did knowingly and intentionally conspire and agree with other members or associates of the Rollin 60s to conduct and participate in, directly and indirectly, the affairs of the Rollin 60s through a pattern of racketeering activity. 18 U.S.C. §§ 1961(1) & (5). The racketeering acts performed by defendant include but are not limited to: (1) a meeting on or about August 19, 2016 between the Milla Bloods and Rollin 60s Crips discussing whether the gangs should work together and gang members' authority to shoot to kill members of a rival gang; (2) the murder of Christopher Motley and attempted murder of Justion Wilson on August 20, 2016; and (3) participation in a conspiracy to distribute controlled substances.

The court finds that these facts provide a sufficient basis for defendant's guilty plea to the charge of racketeering conspiracy. Fed. R. Crim. P. 11(b)(3).

Defendant pleaded guilty to the offense of racketeering conspiracy, in violation of 18 U.S.C. §§ 1962(d) and 1963, as charged in Count One of the Information. ECF No. 1.

The court finds the following:

1. Defendant entered a plea of guilty after consulting with an attorney and executing oral and written waivers;

2. Defendant fully understands the nature of the charges and relevant penalties;

3. Defendant fully understands the terms of the plea agreement;

4. Defendant fully understands his constitutional and statutory rights and wishes to waive those rights;

5. Defendant's guilty plea was freely and voluntarily tendered;

6. Defendant is sufficiently competent to enter a guilty plea; and

7. An adequate factual basis exists to support this plea.

The court took the plea under advisement and gave defendant 30 days within which to retract his plea of guilty. Defendant has not done so. Defendant's plea of guilty and the plea agreement are therefore **ACCEPTED**. Defendant is adjudged **GUILTY** on Count One of the Information. The Clerk of Court hereby is directed to send a certified copy of this Order to all counsel of record.

It is so **ORDERED**.

Entered: 01/28/2019

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

4